IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SALVADOR RODRIGUEZ AND PRISCILLA GUEVARA, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-10-4611 |
| ALLSTATE TEXAS LLOYD'S AND PILOT CATASTROPHE SERVICES, INC., | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is a suit to recover insurance proceeds and damages for breach of contract and under TEX. INS. CODE §§ 541.060, 541.151. The defendants timely removed and filed a verified plea in abatement, (Docket Entry Nos. 1, 5, 6), invoking the Texas Insurance Code requirement that a plaintiff seeking damages under the statute must give prior written notice of the complaint and the amount of damages sought, including fees, "not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154. The defendants asked this court to abate the suit until the 61st day after the plaintiff provided the statutory written notice of claims. (Docket Entry No. 7). The plaintiffs filed a response, (Docket Entry No. 10), arguing that although they had filed suit in state court on September 29, 2010 and did not sent the notice letter until December 21, 2010, the notice requirement was either satisfied by the petition or did not apply because it was impracticable given limitations. (Docket Entry No. 19).

Section 541.154(a) of the Texas Insurance Code states: "[a] person seeking damages in an action against another person under this chapter must provide written notice to the other person not

later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154(a). The notice must advise the other person of "the specific complaint" and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b). There is an exception to this requirement if "giving notice is impracticable because the action: (1) must be filed to prevent the statute of limitations from expiring . . . ." TEX. INS. CODE § 541.154(c)(1). Finally, § 541.155 provides that a person who does not receive presuit notice may file a plea in abatement. "The court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice as required by Section 541.154." TEX. INS. CODE § 541.155(a), (b).

The purpose of the 60-day notice requirement under the Texas Insurance Code is to "discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992) (quoting *John Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985)).[1] The notice requirement is intended to give a defendant insurer an opportunity to make a settlement offer. TEX. INS. CODE § 541.156; *see also In Re Behr*, No. 04-05-00895-CV, 2006 WL 468001, at *2 (Tex. App.—San Antonio Mar. 1, 2006, no pet.) (holding that without presuit notice, a defendant "is denied his right to limit his damage exposure through an offer of settlement as contemplated by sections 541.156–.159 of the Insurance Code"). If a plaintiff fails to comply with the notice requirement, "abatement of the action for the statutory notice period is more consistent with the purpose of notice than dismissal." *Hines*, 843 S.W.2d at 469.

---

[1] Both the Texas Insurance Code and the Deceptive Trade Practices Act (DTPA) require a plaintiff to give 60 days' notice to a defendant before filing suit. The purpose of the requirement is the same under both statutes, "to encourage settlement and avoidance of litigation." *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, No. Civ. A. SA-05-CA0433, 2005 WL 1586994, at *1 (W.D. Tex. June 30, 2005) (citing *Hines*, 843 S.W.2d at 469 (Tex. 1992)). Cases involving the DTPA notice provision are instructive on whether the requirements of the Texas Insurance Code notice provision have been met.

The defendant insurer "may file a plea in abatement not later than the 30th day after the date the person files an original answer." TEX. INS. CODE § 541.155(a). Abatement is automatic and without court order if the defendant "[verifies]" the plea in abatement, and the plaintiff does not controvert the verified plea before the 11th day after the plea in abatement "beginning on the 11th day after the date a plea in abatement is filed." TEX. INS. CODE § 541.156(c) (emphasis added). If the plaintiff disputes abatement, "[t]he court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice . . . required." TEX. INS. CODE § 541.156(b). In either case, "[a]n abatement . . . continues until the 60th day after the date notice is provided . . . ." TEX. INS. CODE § 541.155(d). If the policy holder provides notice for a period shorter than 60 days before filing suit and the suit is automatically abated, a court does not need to "formally grant another sixty-day abatement" if more than 60 days have passed since the policy holder provided notice. *See In re Alford Chevrolet–Geo*, 997 S.W.2d 173, 178 (Tex. 1999) (upholding trial court's decision that formal abatement was unnecessary even though the plaintiffs failed to provide notice 60 days before filing their DTPA suit because the suit was automatically abated and "by the time [the trial court] issued its ruling, more than sixty days had passed since Plaintiffs sent their notices"); *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 610 (N.D. Tex. 2006) (same).

In this case, no statutory notice was provided before suit was filed. The plaintiffs argue that the state court petition provides notice. But this state court petition does not provide "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b)(1). The contents of the petition do not meet the statutory notice requirement.

3

The plaintiffs also argue that the pendency of limitations excuses the notice requirement. Courts have held that "[i]n order to qualify for the exception to the notice requirement because of an impending statute of limitations, a plaintiff must plead and offer some proof that the giving of notice was 'rendered impracticable' by the impending expiration of the limitations period." *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, No. Civ. A. SA-05-CA0433, 2005 WL 1586994, at *1 (W.D. Tex. June 30, 2005) ("Plaintiff has not offered any proof as to why the proper notice, including the amount of economic damages, expenses, and attorneys' fees reasonably incurred, could not have been given 60 days prior . . . ."); *see also Camp v. RCW & Co., Inc.*, Civ. A. No. H-05-3580, 2007 WL 1306841(S.D. Tex. May 3, 2007) ("[T]o benefit from this exception, a 'plaintiff must plead and prove that he qualifies for the limitations exception.'" (quoting *Winkle Chevy–Oldsmobile–Pontiac, Inc. v. Condon*, 830 S.W.2d 740, 745 (Tex. App.—Corpus Christi 1992, writ dism'd)); *Behr*, 2006 WL 468001, at *2 (abating the plaintiff's suit even though the plaintiff could not provide notice within the statute of limitations because the plaintiff could identify all named defendants six months before filing suit). In this case, there is no pleading or proof that limitations made the statutory notice "impracticable." Nor is there any explanation for why the plaintiffs did not send a notice letter when or shortly after they filed the lawsuit.

The plaintiffs argue that even if they did not timely comply with the presuit written notice requirement, the letter they sent on December 21, 2010 met the requirement. Sections 541.154(b)(1) and (b)(2) of the Texas Insurance Code require a party to provide basic information to the defendant in the written notice: the "specific complaint" and the amount of actual damages and expenses sought. TEX. INS. CODE § 541.154(b)(1), (b)(2). Texas courts interpreting the statute have held that notice letters containing specific factual allegations supporting the causes of action, or at least

4

enough information to imply those facts, satisfy the notice requirement.  *See Richardson v. Foster & Sear LLP*, 257 S.W.3d 782; *Williams v. Hills Fitness Center, Inc.*, 705 S.W.2d 189 (Tex. App.—Texarkana 1985, writ ref'd n.r.e.) (holding that the plaintiff's four-paragraph notice letter satisfied the notice requirement of the DTPA, even though the allegations were general and the court had to imply the specific facts supporting the cause of action).  The notice letter in this case contains scant factual information about the cause of action.  But it does identify the damages sought – $180,00 in economic damages, $30,000 in mental anguish damages, and $84,000 in expenses and attorneys' fees.  And it alleges, as did the petition, that the plaintiffs had not been able to obtain a copy of the estimate.  The letter is sufficient notice under § 541.154(b) of the Texas Insurance Code and triggered the 60-day abatement period.

The motion to abate is granted, but only from the date of the letter, December 21, 2010.  This case is abated until **February 21, 2011**.

SIGNED on February 17, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

5